IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CARLA DARCELL JAMES                                              PLAINTIFF

vs.                              Civil No. 1:07-cv-01109

MICHAEL J. ASTRUE                                               DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Carla Darcell James ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff filed her applications for DIB and SSI on October 29, 2004.  (Tr. 54-58).  Plaintiff alleged she was disabled due to heart problems.  (Tr. 91).  These applications were initially denied on September 14, 2005 and were denied again on reconsideration on November 10, 2005.  (Tr. 47-

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

53).  On November 21, 2005, Plaintiff requested an administrative hearing on her applications.  (Tr. 43).  The hearing was held on January 18, 2007 in El Dorado, Arkansas.  (Tr. 450-472).  Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing.  *See id.*  Plaintiff and Vocational Expert ("VE") David Elmore testified at this hearing.  *See id.*  On the date of this hearing, Plaintiff was forty (40) years old, which is defined as "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had her GED.  (Tr. 454).

On March 30, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI.  (Tr. 13-21).  The ALJ determined Plaintiff had not accrued a sufficient work history to acquire DIB.  (Tr. 13).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 26, 2004, her alleged onset date.  (Tr. 15, Finding 1).  The ALJ determined  Plaintiff had the severe impairments of hypertension, congestive heart failure, and depression.  (Tr. 15, Finding 2).   The ALJ also determined the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 15, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 16-19, Finding 4).  The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 404.929.  (Tr. 16-19).   After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations based upon several findings, including the following: (1) Plaintiff's hypertension and cardiac symptoms were aggravated by non-compliance with her prescribed medications; (2) There was no evidence any health care provider restricted her

2

from all employment; (3) Plaintiff's poor work history; (4) Plaintiff's illegal drug use, which she

denied, but which was confirmed by her own medical records.  (Tr. 18-19).

The ALJ also reviewed all the medical evidence and hearing testimony and determined

Plaintiff's RFC.  (Tr. 16, Finding 4).  Specifically, the ALJ determined Plaintiff retained the

following RFC:

> After careful consideration of the entire record, the undersigned finds that the
> claimant has the residual functional capacity to lift/carry and push/pull 10 pounds
> occasionally; stand/walk 2 hours in an 8 hour day; and sit 6 hours in an 8 hour day.
> She can occasionally climb, balance, stoop, bend, crouch, kneel, and crawl.  Further
> the claimant must avoid excessive exposure to chemicals, noise, humidity, dust,
> fumes, temperature extremes, vibrations, gasses, and other pulmonary irritants.
> Likewise, she experiences moderate pain.  Non-exertionally, she is able to perform
> work where interpersonal contact is incidental to the work performed;  complexity
> of the tasks is learned and performed by rote with few variables and requiring little
> judgment; and required supervision is simple, direct, and concrete.

(Tr. 16-17, Finding 4).  *See* 20 C.F.R. § 416.967.

The ALJ then determined Plaintiff was unable to perform her Past Relevant Work ("PRW")

but was able to perform work existing in significant numbers in the national economy.  (Tr. 19-20,

Findings 5,9).  Plaintiff and the VE testified at the administrative hearing regarding these issues.  (Tr.

464-465, 468-470).  The VE testified that a hypothetical person with Plaintiff's RFC could not return

to Plaintiff's PRW.  (Tr. 469-470).

However, the VE then testified  a hypothetical person with Plaintiff's RFC, age, education,

and work experience could perform other work in the national economy.  (Tr. 470-471).  For

example, the VE testified such a hypothetical person could perform work as a production assembler

(1,000 such jobs in the State of Arkansas and 57,000 in the nation).  (Tr. 20, Finding 9).  The ALJ

went on to find Plaintiff was not under a disability from her alleged onset date through the date of

the decision.  (Tr. 20, Finding 10).

On April 18, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 7-9). *See* 20 C.F.R. § 404.984(b)(2). On August 29, 2007, the Appeals Council declined to review this determination. (Tr. 4-6). On November 5, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). The parties consented to the jurisdiction of this Court on November 7, 2007. (Doc. No. 4).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his evaluation of Plaintiff's subjective complaints; and (B) the ALJ asked an improper hypothetical to the VE. In response, Defendant argues: (A) the ALJ properly considered Plaintiff's subjective complaints; (B) the ALJ posed a proper hypothetical question to the VE.

5

## A. Credibility Determination

Plaintiff claims the ALJ erred by failing to give consideration to all of Plaintiff's subjective complaints of pain.  In response, Defendant claims the ALJ properly analyzed Plaintiff's subjective complaints pursuant to the *Polaski* factors and discounted them for legally-sufficient reasons.

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  These factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act.  The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ evaluated the *Polaski* factors in his opinion and discounted Plaintiff's subjective complaints for legally-sufficient reasons.  (Tr. 18-19).  Although the ALJ did not cite to *Polaski*, he did review Plaintiff's symptoms according to  the requirements and factors of  20 C.F.R. § 404.929.   Specifically, the ALJ evaluated the nature, location, onset, duration, frequency, radiation, and intensity of Plaintiff's pain; the precipitating and aggravating factors for his pain; the type, dosage, effectiveness and any alleged adverse side effects of his pain medication; his treatment for pain other than medication; his functional restrictions; and his restrictions on daily living.  (Tr. 18-19).

After reviewing those factors, the ALJ noted the following inconsistencies in the record: (1) Plaintiff's hypertension and cardiac symptoms were aggravated by non-compliance with her prescribed medications; (2) There was no evidence any health care provider restricted her from all employment; (3) Plaintiff's poor work history; (4) Plaintiff's illegal drug use, confirmed by the medical records, but which she denied.  (Tr. 18-19).

In reviewing Plaintiff's daily activities, the ALJ discussed the fact that Plaintiff indicated she was capable of doing laundry, washing dishes, shopping for food and clothes, and attended church

and Girl Scout meetings.  The ALJ properly found these types of activities inconsistent with claims of disabling pain.  The ALJ also discussed Plaintiff's use of prescription medicine.  (Tr. 19).  Although Plaintiff had a history of noncompliance, Plaintiff attempts to justify this based of her financial condition.  However, the record shows Plaintiff was capable of purchasing items such as cigarettes, alcohol, and cocaine.  (Tr. 163, 309, 313, 327, 393).  Use of these items is inconsistent with the inability to purchase prescribed medications because of a lack of financial resources.

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed.  *See Lowe,* 226 F.3d at 971-72.  Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### B. Hypothetical Question

Plaintiff argues the hypothetical question posed by the ALJ to the VE failed to include all of Plaintiff's impairments, namely obesity and depression, and as such, was an improper hypothetical.  The Defendant asserts the ALJ's hypothetical question was proper and included all of the credible impairments found by the ALJ to be supported by the record.

It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision.  *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992).  It has further been established that the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence.  *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to carry up to 10 pounds occasionally; an ability to sit

for six hours out of an eight hour workday, and stand 2 hours out of an eight hour workday.  The ALJ indicated Plaintiff could  occasionally climb, balance, stoop, bend, crouch, kneel, and crawl.  Further he found Plaintiff must avoid excessive exposure to chemicals, noise, humidity, dust, fumes, temperature extremes, vibrations, gasses, and other pulmonary irritants.   The ALJ also limited Plaintiff to a job where interpersonal contact is superficial and incidental to the work performed, complexity of tasks is learned and performed by rote with few variables and little judgment required; and required supervision would be simple, direct and concrete.  (Tr. 16, Finding No. 4).

In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ.  (Tr. 469-470). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform.  (Tr. 20).  Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act.  (Tr. 20).

The  hypothetical question posed by ALJ  included consideration of obesity.  The ALJ asked the VE to consider Plaintiff's obesity and mild to moderate pain in her ability to perform sedentary work.  (Tr. 469).  Further, the ALJ considered Plaintiff's depression when he asked the VE to assume based on Plaintiff's depression that the Plaintiff was limited to a job where interpersonal contact is superficial and incidental to the work performed, complexity of tasks is learned and performed by rote with few variables and little judgment required; and required supervision would be simple, direct and concrete. (Tr. 470).

I find the ALJ's hypothetical question properly set forth those limitations he found credible and which are supported by the evidence of record.  *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in

his hypothetical question those impairments he accepts as true).  The VE stated that jobs existed in both the national and local economy for the vocational profile of the Plaintiff.  Such testimony, based on a hypothetical question consistent with the record,  provided substantial evidence to support the ALJ's decision.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **26ᵗʰ day of February, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE